# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE,<br>  *Plaintiff*,<br><br>  v.<br><br>RICHARD BRUNO,<br>  *Defendant*,<br><br>  and<br><br>DOMCO LLC, DOMCO II LLC, and KEM BRUNO (aka KEM CURTIN),<br>  *Garnishees*. | No. 3:17-cv-217 (JAM) |

## *EX PARTE* TEMPORARY RESTRAINING ORDER
## AND ORDER TO SHOW CAUSE

  Plaintiff Jane Doe has initiated this action pursuant to 18 U.S.C. § 2255, which provides a civil cause of action to any person who, while a minor, was a victim of a violation of 18 U.S.C. §§ 2422 (attempted enticement of a minor to engage in sexual activity), 2251 (production of child pornography) and suffers personal injury as a result of such violation(s). Defendant Richard Bruno has been indicted pursuant to several criminal statutes cited in 18 U.S.C. § 2255, and plaintiff has filed a verified complaint seeking damages against defendant for personal injury because she was the minor victim of defendant's alleged criminal violations. *See* Doc. #1; *see also* Doc. #1 to *United States v. Richard Bruno*, No. 16-cr-235 (JAM).

  Plaintiff has filed a motion for an *ex parte* temporary restraining order restraining defendant and various "garnishees" from transferring, disposing of, injuring, or concealing defendant's assets until a hearing on any application for a prejudgment remedy (*see* Doc. #2) or further order of the Court. In the Second Circuit, "[t]he same standards used to review a request

for a preliminary injunction govern consideration of an application for a temporary restraining order." *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264, 272 (N.D.N.Y. 2015) (irreparable harm and a likelihood of success on the merits, or other merits showing); *Local 1814 Int'l Longshoreman's Ass'n v. New York Shipping Assoc., Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

After careful review and on the basis of plaintiff's motion, the memorandum and attachments in support thereof, and the facts alleged in the verified complaint, the Court finds that petitioner has initially satisfied the requirements for issuance of an *ex parte* temporary restraining order pursuant to Fed. R. Civ. P. 65(b)(1), but only with respect to defendant Richard Bruno and without prejudice to any further hearings and findings conducted with respect to plaintiff's motion for a prejudgment remedy. As to defendant, plaintiff has shown a likelihood of success on the merits, an irreparable injury, and sufficient explanation for lack of notice to defendant: the likelihood that defendant will continue to transfer his assets if given notice of the temporary restraining order (or the motion for prejudgment remedy). Plaintiff alleges that defendant is involved in divorce proceedings that could affect disposition of defendant's assets, to plaintiff's prejudice in this action, and that assets have already been transferred to various limited liability companies, including the garnishee LLCs, by defendant and his wife.

As for the named garnishees, however, plaintiff has failed to establish any likelihood of success on the merits because, as far as I can tell from plaintiff's limited submissions, the garnishees are not likely to be liable to plaintiff for sexual abuse pursuant to 18 U.S.C. § 2255. To the extent defendant retains any control over the garnishee LLCs, he, individually, will be restrained from disposing of his assets and interests though such LLCs by virtue of this *ex parte* temporary restraining order.

Accordingly, it is hereby ORDERED that:

1. Defendant Richard Bruno is temporarily restrained for a period of no more than 14 days from the date of this Order from transferring money held in accounts other than any prisoner trust account, or transferring other assets, without prior approval of the Court.

2. Service of this Order, the verified complaint, and other papers filed in this case shall be made on respondent immediately, and not later than Tuesday, February 21, 2017. In light of defendant's incarceration, plaintiff's counsel shall make all efforts to effect service in conformance with this schedule.

3. Plaintiff and defendant Richard Bruno will appear before this Court by telephonic hearing at **11:00 A.M. on Thursday, February 23, 2017, in Courtroom Three, United States District Court, 141 Church Street, New Haven, Connecticut**. At this hearing, defendant Richard Bruno shall show cause why a temporary restraining order on the terms requested by plaintiff in this motion should not be granted until such time as a hearing can be held on the motion for a prejudgment remedy, which shall be referred to Magistrate Judge Joan G. Margolis by way of a separate docket order. In light of defendant's incarceration, plaintiff's counsel shall make all efforts to secure defendant's attendance at the hearing on February 23, 2017, by telephone.

4. For good cause, the Court issues this temporary restraining order without requiring plaintiff to give security pursuant to Fed. R. Civ. P. 65(c).

It is so ordered.

Dated at New Haven, Connecticut this 16th day of February 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge