IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                            :
JANE DOE                                    :    3:17 CV 217 (JAM)
                                            :
v.                                          :
                                            :
RICHARD BRUNO                               :    DATE: APRIL 20, 2017
                                            :
---------------------------------------------------------x

RULING ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY

On February 14, 2017, plaintiff Jane Doe filed her complaint (Dkt. #1) against defendant Richard Bruno and garnishees Domco LLC, Domco II LLC, and Kem Bruno (also known as Kem Curtin). Plaintiff has initiated this action pursuant to 18 U.S.C. § 2255, which provides a civil cause of action to any person who, while a minor, was a victim of certain predicate criminal offenses related to the exploitation of minors and child pornography, and suffered personal injury as a result. (Id.). Defendant has been indicted pursuant to several of the predicate offenses in 18 U.S.C. § 2255; plaintiff alleges she was a victim of these offenses and seeks damages for her resulting personal injury. (Id.; see also U.S. v. Bruno, 16 CR 235 (JAM)).

On the date she filed the complaint, plaintiff also filed an Application for Prejudgment Remedy (Dkt. #2), Motion for Disclosure of Property and Assets (Dkt. #3), Motion for Ex-Parte Temporary Restraining Order (Dkt. #4), and Motion for Permission to Proceed Under Fictitious Name (Dkt. #5). Two days later, U.S. District Judge Jeffrey A. Meyer granted plaintiff's Motion to Proceed Under Fictitious Name (Dkt. #14), issued a temporary restraining order with respect to defendant Bruno (Dkt. #15), and referred the Application for Prejudgment Remedy (Dkt. #2) and Motion for Disclosure of Property and Assets (Dkt. #3) to this Magistrate Judge. (Dkt. #16).

The pending Application for Prejudgment Remedy ["PJR"] seeks an attachment of $500,000 on defendant's real and personal property[1] (Dkt. #2), and the Motion for Disclosure of Property and Assets seeks defendant's disclosure of any interest in assets sufficient to satisfy the value of the PJR. (Dkt. #3). An evidentiary hearing was held on plaintiff's PJR application on April 3, 2017, at which plaintiff testified briefly and defendant called no witnesses. (Dkt. #33).

For the reasons set forth below, plaintiff's Application for Prejudgment Remedy (Dkt. #2) is granted in the amount of $250,000. Plaintiff's Motion for Disclosure of Property and Assets (Dkt. #3) is granted, sufficient to satisfy the value of this PJR.

## I. FACTUAL BACKGROUND

In her complaint and affidavit in support of the PJR application,[2] plaintiff alleges as follows: When she was seventeen-years-old, defendant Richard Bruno "repeatedly raped and sexually abused her on camera over a period of several months, creating a set of brutal and graphic images." (Dkt. #1, ¶ 2). Defendant was plaintiff's family's landlord, and plaintiff and defendant began communicating on social media. (Dkt. #2, Affidavit in Support of PJR, ¶ 6). According to plaintiff, defendant offered her money and marijuana in exchange for having sex with him and taking photos. (Id.). Plaintiff alleges that she usually met defendant weekly at his office on his Mountain Avenue property in New London. (Id. ¶ 7). Behind defendant's office, there was a "secret room" with a bed, women's clothing, sexual devices, a mirror, and a video camera. (Id.). Plaintiff alleges that she was the victim of sexual assault and

---

[1]Plaintiff's initial application sought a PJR against garnishees Domco LLC, Domco II LLC, and Kem Bruno. (Dkt. #2). On April 3, 2017, plaintiff withdrew her action with respect to these three garnishees. (Dkts. ##31-32).

[2]At the PJR hearing, plaintiff swore to the truth and accuracy of this affidavit.

unwanted sexual activities, and that defendant produced videos of her performing sexual acts on him. (Id. ¶¶ 5, 8). At the PJR hearing, plaintiff estimated that defendant made more than ten of these videos. Additionally, at defendant's request, plaintiff sent him nude photos of herself. (Id. ¶ 8).

On December 21, 2016, defendant was indicted in this district under 18 U.S.C. §§ 2422(b) and 2251(a). (U.S. v. Bruno, 16 CR 235(JAM), Dkt. #1). In Count Two of the Indictment, for Production of Child Pornography under 18 U.S.C. § 2251(a), it is alleged that from November 2015 until May 2016, defendant "did knowingly employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. . . ." (Id. ¶ 2). The Department of Justice identified defendant as having created and possessed illicit images of plaintiff, and identified plaintiff as a victim of defendant's criminal conduct. (Id. ¶¶ 7-8). Plaintiff testified at the PJR hearing that she is the minor referred to in Count Two of that indictment.

Plaintiff alleges she has "suffered and continues to suffer significant injury, including mental and emotional anguish and fear for her personal safety, because of the acts of the [d]efendant in creating, possessing and viewing the images that document her humiliation and abuse." (Dkt. #1, ¶ 9). Plaintiff has started counseling, but "feel[s] like [defendant] ruined [her] life and [her] ability to have a relationship. [She] feel[s] very guilty about what [she] did with him." (Dkt. #2, Affidavit in Support of PJR, ¶ 9). She further swore that as a result of defendant's behavior, she has "suffered extreme emotional distress, interference with personal relationships, feelings of shame, feelings of vulnerability and mistrust, and depression and will continue to suffer the same in the future." (Id. ¶ 10). Plaintiff testified that she began mental health counseling about one month before the PJR hearing and has

had two or three sessions so far; she does not have another session scheduled.

## II. DISCUSSION

### A. LEGAL STANDARDS FOR PREJUDGMENT REMEDY

A prejudgment remedy "is generally intended to secure the satisfaction of a judgment should plaintiff prevail." Cendant Corp. v. Shelton, No. 3:06 CV 854 (JCH), 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007)(citation omitted). Rule 64 of the Federal Rules of Civil Procedure authorizes the Court to enter a prejudgment remedy as may be permitted "under the law of the state where the court is located" in order "to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 n.10 (1974).

Pursuant to the Connecticut PJR statute, the standard for issuing a prejudgment remedy is probable cause, so that a prejudgment remedy is appropriate

> [i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the [movant] has shown probable cause that such a judgment will be rendered in the matter in the [movant's] favor in the amount of the prejudgment remedy sought . . . .

CONN. GEN. STAT. § 52–278d(a). "Probable cause" has been defined by the Connecticut courts as "'a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a [person] of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.'" Walpole Woodworkers, Inc. v. Atlas Fencing, Inc., 218 F. Supp. 2d 247, 249 (D. Conn. 2002), quoting Three S. Dev. Co. v. Santore, 193 Conn. 174, 176 (1984)(citation omitted). The standard of "probable cause" is less demanding than the "preponderance of the evidence" or the "likelihood of success" standards, and plaintiff need

4

not "prove [her] case by a preponderance of the evidence, but must show that there is probable cause to sustain the validity of [her] claim." Id. (citation omitted). Probable cause is "a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." Qualitative Reasoning Sys., Inc. v. Computer Scis. Corp., No. 3:98 CV 554 (AWT), 2000 WL 852127, at *10 (D. Conn. Mar. 31, 2000)(internal quotations & multiple citations omitted). A prejudgment remedy proceeding is "only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." Benton v. Simpson, 78 Conn. App. 746, 751–52 (Conn. App. Ct. 2003)(citation & internal quotations omitted). While a prejudgment remedy hearing "is not contemplated to be a full scale trial on the merits of plaintiff's claim[s,]" Bank of Boston Conn. v. Schlessinger, 220 Conn. 152, 156 (1991)(multiple citations & internal quotations omitted), a plaintiff is "bound to furnish proof of his damage with reasonable probability, and not leave the trial court to speculation and conjecture." Mullai v. Mullai, 1 Conn. App. 93, 95 (Conn. App. Ct. 1983)(per curiam). After a hearing, the Court must "consider not only the validity of the plaintiff's claim but also the amount that is being sought." Calfee v. Usman, 224 Conn. 29, 38 (1992)(citation & internal quotations omitted). Additionally, the Court must "evaluate not only the plaintiff's claim but also any defenses raised by the defendant." Balzer v. Millward, Civ. No. 3:10 CV 1740 (SRU)(HBF), 2011 WL 1547211, at *1 (D. Conn. Apr. 21, 2011), quoting Haxhi v. Moss, 25 Conn. App. 16, 20 (1991)(citation omitted).

### B. PROBABLE CAUSE

Plaintiff's application for prejudgment relief turns upon whether she has shown "probable cause" that a judgment will enter in her favor. CONN. GEN. STAT. § 52-278(d)(a)(1).

Plaintiff seeks a civil remedy pursuant to 18 U.S.C.A. § 2255(a), which provides that

> [a]ny person who, while a minor, was a victim of a violation of section . . . 2242 . . . [or] 2251 . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Congressional findings described § 2255 as "an attempt to address the 'multi-million dollar' child-exploitation industry, along with the 'physiological, psychological, and emotional harm caused by the production, distribution, and display of child pornography' and the 'lack [of] effective remedies under Federal law' available to 'exploitation victims.'" Stephens v. Clash, 796 F.3d 281, 285 (3d Cir. 2015), citing Pub. L. No. 99-500, § 702(1)-(3), 100 Stat. 1783 (1986). Essential to § 2255's purpose is the statute's minimum damages requirement:

> Most tort plaintiffs, it is true, must show the amount of their damages. But § 2255 is no ordinary cause of action. . . . The point of a minimum-damages requirement is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings. Were it otherwise, a fresh damages hearing might inflict fresh wounds, increasing the child's suffering and increasing the compensatory damages to which she is entitled. "Congress could rationally conclude" that all children depicted in [] pornography "are seriously injured and deserve a high threshold amount of damages."

Doe v. Boland, 698 F.3d 877, 882 (6th Cir. 2012)(citation omitted)(emphasis in original), cert. denied, 133 S. Ct. 2825 (2013). Because plaintiffs are not required to show specific injuries, "it is the victimhood alone—and not any resulting effects—that forms the basis of a § 2255 action. Thus, a plaintiff need only show that he or she 'was the victim of a sex crime' under the enumerated statutes." Shovah v. Mercure, 44 F. Supp. 3d 504, 510 (D. Vt. 2014) citing Doe, 698 F.3d at 882.

Plaintiff argues that probable cause for her § 2255 claim is established by the Grand

6

Jury Indictment of defendant for two predicate offenses. (Dkt. #2, Brief at 7). Defendant Bruno did not file a memorandum in opposition to the PJR application, and, at the hearing, defense counsel declined to address whether plaintiff had established probable cause that judgment would be entered in her favor. Plaintiff testified that she was the victim referred to in Count Two of the indictment, for which the Grand Jury found probable cause; accordingly, plaintiff has established probable cause that a judgment will enter in her favor such that she is entitled to a prejudgment remedy.

Plaintiff seeks a PJR above the $150,000 statutory minimum, in the amount of $500,000. (Dkt. #2). While § 2255 creates a floor for plaintiff's damages, that should not be construed as a ceiling: "Any victim who proves that her damages against a single defendant exceed the statutory floor will recover the full extent of the damages she suffered, not a penny less." Prewett v. Weems, 749 F.3d 454, 462 (6th Cir. 2014). As a result, the statute provides plaintiff with two options: she can accept the presumptive floor in the statute of $150,000 without proving any actual damages, or she can recover greater damages with proof that such damages exceed $150,00. Id.

Defendant argued at the hearing that plaintiff has not established probable cause for attachment of more than the $150,000 damages minimum established by statute. Plaintiff's counsel countered that Prewett stands for the premise that a court may use the $150,000 statutory floor as a multiplier, such that a plaintiff would receive $150,000 for each individual violation she suffered. Prewett, however, held just the opposite. In Prewett, the district court determined the defendant had produced seven pornographic videos of the minor-plaintiff, and multiplied the $150,000 damages minimum by seven, to award plaintiff damages of $1,000,000. Id. at 456, 457; see also J.W. v. Weems, No. 2:11 CV 290, 2012

7

WL 5289481 (E.D. Tenn. Oct. 24, 2012). However, on appeal, in a thorough and well-reasoned analysis of the language of the statute, the Sixth Circuit held that "the presumptive-damages provision applies on a per-lawsuit basis[,]" and not for each instance defendant violated the criminal statute. 749 F.3d at 459. Thus, it remanded the case to the district court to determine whether the minor plaintiff had "forfeited any argument that his actual damages exceed[ed] $150,000 and, if he ha[d] not, whether to allow [him] the opportunity to offer proof of [his] actual damages." Id. at 462.

As previously indicated, plaintiff's testimony at the PJR hearing was brief, and largely affirmed the truth and accuracy of her affidavit in support of the PJR application. She has attended remarkably few counseling sessions, despite the clearly traumatic nature of her interactions with defendant Bruno. However, in her affidavit, she did aver that as a result of defendant's behavior, she has "suffered extreme emotional distress, interference with personal relationships, feelings of shame, feelings of vulnerability and mistrust, and depression and will continue to suffer the same in the future." (Id. ¶ 10). Plaintiff's affidavit and hearing testimony, therefore, establish that she has suffered damages exceeding the statutory minimum of $150,000. Accordingly, while plaintiff may later demonstrate higher-value damages, at this early stage in the proceeding, plaintiff has not offered evidence of more than $250,000 in damages.

### III. CONCLUSION

For the reasons stated above, plaintiff's Application for Prejudgment Remedy (Dkt. #2) is granted in the amount of $250,000, and plaintiff's Motion for Disclosure of Assets (Dkt. #3) is granted; defendant Bruno shall respond on or before May 12, 2017.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion,[3] the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)(**written objection to ruling must be filed within fourteen calendar days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir.1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 20th day of April, 2017.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge

---

[3] It has long been the rule in this district that a PJR application is a non-dispositive motion, and upon referral to a Magistrate Judge, does not require a recommended ruling. Aetna Life Ins. Co. v. Tooth Savers Dental Serv., No. 96 CV 102453(GLG), 1997 WL 102453, at *1 (D. Conn. Feb. 5, 1997). See also Lafarge Bldg. Materials, Inc. v. A. Aiudi & Sons, LLC, 2015 WL 6551796, at *8, n.19 (D. Conn. Oct. 29, 2015); Corey v. Hawes, 14 CV 1266 (JAM), 2015 WL 5472507, at *11, n.29 (D. Conn. Sept. 17, 2015); Balzer v. Millward, 10 CV 1740 (SRU), 2011 WL 1547211, at *5, n.7 (D. Conn. Apr. 21, 2011); CapitalSource Fin. LLC v. Autorino, 09 CV 2148 (RNC), 2011 WL 1195857, at *1, n.1 (D. Conn. Mar. 11, 2011); United of Omaha Life Ins. Co. v. Conn. Student Loan Found'n, 718 F. Supp. 2d 277, 286 (D. Conn. 2010).

9